## Peoria, Decatur & Evansville Railway Company

### v.

## James N. Shelly.

*Railroads—Stock—Damages for Killing—Fence—Highway Crossing —Evidence—Instructions.*

In an action against a railroad company to recover damages for killing a colt, it is *held:* That the evidence is sufficient to sustain the verdict, the point in question not being within the crossing of a public highway, but where a fence was necessary; and that there was no substantial error in the instructions.

### [Opinion filed June 14, 1887.]

Appeal from the Circuit Court of Coles County; the Hon. J. F. Hughes, Judge, presiding.

Messrs. J. S. Stevens and Wiley & Neal, for appellant.

Messrs. Craig & Craig, for appellee.

Wall, J. This suit was brought to recover damages for the loss of a colt killed by the train of appellant.

There was a verdict and judgment thereon for the appellee. It was claimed that the animal was struck at a point where the law required a fence. The appellant insisted that the point in question was within the crossing of a public highway where no fence was necessary, and this is the real and only substantial issue in the case.

The highway runs north and south, crossing the railroad very near the northwest corner of Pleasant Grove Township. The southwest corner of Lafayette Township lying north of Pleasant Grove, is fifty-five links west of the latter township, and the highway at this place "jogs" west, not making a square turn, but running diagonally across the corner and thence following the township line north as it did south. The width of

the highway is forty-five feet. On the south side of the rail-road there is a fence running west from the highway some seventy-five feet, to a cattle-guard. From this cattle-guard a fence runs north, but there is no fence running east along the north side of the railroad.

It was in this space near the cattle-guard that the animal was struck. Was it necessary to fence here? It is quite clear from the proof, including the plat, which was referred to by the witnesses and without which the oral evidence would be quite obscure, that there was a considerable distance on the north side of the railroad west of the west line of the highway where there was no fence.

This distance, estimated at seventy-five feet by some of the witnesses, covers and includes the point where the collision occurred. It is urged by appellant that this was all within the highway where no fence could properly be placed, but this position can not be maintained if the highway crosses the town-ship corners diagonally as, from the plat as well as the other testimony, it does. The fence might well have been extended on the north side parallel with that on the south side, and we think it was legally necessary to do so.

The want of it made what is termed by the witnesses a "pocket," into which animals would readily pass and from which they would naturally seek escape by crossing the track. We are of opinion there was sufficient evidence to sustain the verdict.

The assignment of errors contains an objection to the ruling of the court in giving and refusing certain instructions. The brief, however, is confined in this respect to the suggestion that there was no evidence upon which to base the first given for the plaintiff. In the view we take of the evidence this objection is unsound.

We have examined the other instructions given as well as those refused and find no occasion for complaint on the part of appellant. No substantial error appearing in the record the judgment will be affirmed.

*Judgment affirmed.*